**FILED**

**MARCH 9, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHERIDA ALLEN,<br>TELLEAN BRADFIELD,<br>CARMEN BUZEA,<br>DEENA MENDEZ,<br>LAWRENCE ONUORAH,<br>JEAN SMITH, and<br>KRYSTAL AGNEW,<br><br>            Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF ILLINOIS<br>COMMUNITY COLLEGE DISTRICT NO. 508,<br>d/b/a CITY COLLEGES OF CHICAGO,<br>DR. WAYNE WATSON, Chancellor,<br>City Colleges of Chicago, in his official capacity and<br>Individually,<br>ANGELA STARKS, Associate Vice-Chancellor,<br>City Colleges of Chicago, in her official capacity and<br>Individually,<br>RICHARD J. DALEY COLLEGE, one of the City<br>Colleges of Chicago<br>SYLVIA RAMOS, President Richard J. Daley College,<br>in her official capacity and Individually,<br>CECIL REGNER, Vice President, Richard J. Daley<br>College in her official capacity and Individually,<br>RHONDA PHILLIPS, Nursing Director,<br>Richard J.Daley College, in her official capacity and<br>Individually,<br>SHEILA BOUIE, Nursing Faculty,<br>Richard J. Daley College, in her official capacity and<br>Individually,<br>CAROL HOWLEY, Nursing Faculty,<br>Richard J. Daley College, in her official capacity and<br>Individually,<br>YOLANDA HARPER-MORRIS, Nursing Faculty,<br>Richard J. Daley College, in her official capacity<br>and Individually, and<br>PATRICIA SHELVY, Nursing Faculty,<br>Richard J. Daley College, in her official capacity and<br>Individually,<br>            Defendants. | Case No.<br><br>**08 C 1397**<br><br>Judge:<br><br><br>Magistrate Judge:<br><br>**JUDGE ST. EVE**<br>**MAGISTRATE JUDGE NOLAN** |

2

**COMPLAINT FOR VIOLATIONS UNDER 42 U.S.C. SECTION 1983
AND FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

NOW COME Plaintiffs, SHERIDA ALLEN, TELLEAN BRADFIELD, CARMEN BUZEA, DEENA MENDEZ, LAWRENCE ONUORAH, JEAN SMITH, and KRYSTAL AGNEW, by and through counsel, complaining of Defendants, THE BOARD OF TRUSTEES OF ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 508, d/b/a CITY COLLEGES OF CHICAGO; DR. WAYNE WATSON, Chancellor, City Colleges of Chicago, in his official capacity and Individually; ANGELA STARKS, Associate Vice-Chancellor, City Colleges of Chicago, in her official capacity and Individually; RICHARD J. DALEY COLLEGE, one of the City Colleges of Chicago; SYLVIA RAMOS, President, Richard J. Daley College, in her official capacity and Individually; CECIL REGNER, Vice President, Richard J. Daley College in her official capacity and Individually; RHONDA PHILLIPS, Nursing Director, Richard J. Daley College, in her official capacity and Individually; SHEILA BOUIE, Nursing Faculty, Richard J. Daley College, in her official capacity and Individually; CAROL HOWLEY, Nursing Faculty, Richard J. Daley College, in her official capacity and Individually; YOLANDA HARPER-MORRIS, Nursing Faculty, Richard J. Daley College, in her official capacity and Individually; and PATRICIA SHELVY, Nursing Faculty, Richard J. Daley College, in her official capacity and Individually, as follows:

JURISDICTION AND VENUE

1. This cause is brought pursuant to Title 42 U.S.C. Section 1983., and the First Amendment to the United States Constitution. Federal question jurisdiction is vested in this Court by virtue of the Fourteenth Amendment to the United States Constitution, 42

U.S.C. Section 1983,  28 U.S.C. Section 1331, and 28 U.S.C. Sections 1314 (3) (4).

2.  Venue is proper in the Northern District of  Illinois under 28 U.S.C., Section 1391(b) because all of the events giving rise to the claims made by the plaintiffs in this complaint occurred in the Northern District of Illinois.

3.  This action seeks redress for the deprivation of plaintiffs' Constitutional rights, under color of  State law, which rights are guaranteed by the  Due Process  and  Equal Protection clauses of the Fourteenth Amendment to the Constitution of the United States , and First Amendment to the United States Constitution.

4.  Plaintiffs seek Declaratory and Injunctive Relief.  Declaratory and Injunctive Relief is authorized by 28 U.S.C.. 2201, 2202 and Rules 57  and 65 of the Federal Rules of Civil Procedure.  Plaintiffs seek monetary damages.

5.  This action, further, alleges and seeks relief on State causes of action pursuant to the doctrine of pendent Federal Court jurisdiction of State claims arising from the same or related facts, pursuant to 28 U.S.C. Section 1367.

<u>PARTIES</u>

6. The Plaintiffs,  Sherida Allen, Tallean Bradfield,  Carmen Buzea,  Deena Mendez, Lawrence Onuorah,  Jean Smith, and  Krystal Agnew, are citizens of the United States and reside within the territory of the United States District Court for the Northern District of Illinois, Eastern Division.

7.  Plaintiffs were  nursing students at Richard J. Daley College in the next to last semester of  a two (2) years nursing program for an  Associates in Applied Science (A.A.S.) Degree

8.  The defendant, The Board of Trustees of Illinois Community College District

No. 508, d/b/a  City Colleges of  Chicago, ( hereinafter referred to as  "City Colleges of

Chicago") is a municipal corporation duly authorized under the laws of the State of

Illinois to operate public facilities of higher learning within the City of Chicago which is

located within the territory of the United States Court for the Northern District of  Illinois,

Eastern Division.

9.  The defendant, Richard J. Daley College ( hereinafter  referred to as "Daley

College") is a public facility of higher learning operating as one of the City Colleges of

Chicago, and is located within the territory of the United States District Court for the

Northern District of Illinois, Eastern Division.

10.  The defendant,  Dr. Wayne Watson, is  Chancellor of the City Colleges of the

Chicago and an individual situated within the territory of the United States District Court

of Illinois, Eastern Division.  This action is brought against defendant, Wayne Watson, in

his official capacity, and individually.

11. The defendant, Angela Starks, is an Associate Vice-Chancellor of the City

Colleges of Chicago and an individual situated within the territory of the United States

District Court of Illinois, Eastern Division.  This action is brought against defendant,

Angela Starks, in her official capacity, and individually.

12. The defendant, Sylvia Ramos, is President of Richard J. Daley College and an

individual situated within the territory of the United States District Court of  Illinois,

Eastern Division.  This action is brought against defendant, Sylvia Ramos, in her official

capacity, and individually.

13.  The defendant, Cecil Regner, is Vice-President of Richard J. Daley College

and an individual situated within the territory of the United States District Court of

Illinois, Eastern Division. This action is brought against defendant, Cecil Regner, in her official capacity, and individually.

14. The defendant, Rhonda Phillips, is Director of Nursing, at Richard J. Daley College, and an individual situated within the territory of the United States District Court of Illinois, Eastern Division. This action is brought against defendant, Rhonda Phillips, in her official capacity, and individually.

15. The defendant, Sheila Bouie, is a faculty member in the nursing department at Richard J. Daley College, and an individual situated within the territory of the United States District Court of Illinois, Eastern Division. This action is brought against defendant, Sheila Bouie, in her official capacity, and individually.

16. The defendant, Carol Howley, is a faculty member in the nursing department at Richard J. Daley College, and an individual situated within the territory of the United States District Court of Illinois, Eastern Division. This action is brought against defendant, Carol Howley, in her official capacity, and individually.

17. The defendant, Yolanda Harper-Morris, is a faculty member in the nursing department at Richard J. Daley College, and an individual situated within the territory of the United States District Court of Illinois, Eastern Division. This action is brought against defendant, Carol Howley, in her official capacity, and individually.

18. The defendant, Patricia Shelvy, is a faculty member in the nursing department at Richard J. Daley College, and an individual situated within the territory of the United States District Court of Illinois, Eastern Division. This action is brought against defendant, Patricia Shelvy, in her official capacity, and individually.

FACTS

19.  The defendant, City Colleges of Chicago, has a nursing program in which it offers an Associate in Applied Science Degree (A.A.S.)

20. The  Plaintiffs, Allen,  Bradfield,  Buzea, Mendez, Onuorah and Smith   were admitted  in the Nursing- Associate in Applied Science Degree program at the defendant, Richard J. Daley College in the Fall 2006 semester.  The plaintiff, Agnew, was admitted in the Nursing-Associate in Applied Science Degree program at the defendant, Richard J. Daley College in the Fall 2007 semester, under the "Bridge"  program, for individuals having licensed practical nurses (L.P.N.) certification.   Plaintiffs  were  due to graduate from the nursing  program in Spring of 2008.

21. The defendant,  Daley  College, disseminated to its nursing students a handbook entitled,  "Richard J. Daley College  Nursing Student Handbook",  stating in its introduction that the handbook was to "help you have a better understanding of nursing education as implemented at Daley College." ( Exhibit A , P. 2)  The student handbook created a written contractual agreement by and between the parties.

22.   The student  handbook, in pertinent part, under the caption, "City Colleges of Chicago Nursing Admission Criteria", states:

"Once students are admitted to the program, every effort shall be made to assist students' success by providing special assistance programs and courses utilizing tutoring, PLATO, adult education courses, etc." (Exhibit A., P. 7)

23.  The student  handbook , in pertinent part, under the caption, "The Nursing Program of Study", states  that the required nursing courses are Nursing 101, Nursing 102, Nursing 210, Nursing 211, Nursing 212, Nursing 213, and Nursing 203.( Exhibit A. ,

Pages 11-12)

24.  That  plaintiffs were advised upon admission to the nursing program and at the end of the Spring  2007 semester,  that  Nursing 210 was a course in psychology  for eight (8) weeks,   Nursing 211 was  a course in obstetrics for eight (8) weeks, and that the courses would be taught consecutively, for a total of  sixteen (16) weeks.   That this was the curriculum for all the City Colleges of Chicago, Associate in Applied Science Degree nursing programs.

25.  That upon beginning the 2007 Fall semester plaintiffs  learned , for the first time,  that Daley College would not be teaching Nursing 210 and 211 in the  two (2) eight weeks sessions, consecutively.  Instead, the courses would be taught, concurrently, and would include an additional course in  medical-surgery.  That medical-surgery is an advanced course,  which is taught separately, at the other City Colleges of Chicago and other nursing schools.

26.   That Daley College was the only City Colleges of Chicago, to change the organization of the nursing program curriculum for the Fall 2007 semester , so as to teach Nursing 210 ,  211, and  medical-surgery, simultaneously.   Daley College was the only City Colleges of Chicago  requiring its nursing students to study as much material in a timeframe of sixteen (16) weeks in order to continue in the nursing program.

27.  That in doing so, defendant, Daley College, upon information and belief, made revisions involving reorganization of the course content, without submitting a letter of intent to the State of  Illinois as required by the Nursing and Advanced Practice Nursing Act,  225 ILCS 65, Section 1300.40 c) & d). ( Exhibit B., Pages 9-11)

28.   That  among other requirements,  the Nursing and Advanced Practice

Nursing Act requires that the curriculum for professional nursing programs "not preclude a flexible curriculum that would provide appropriate integration of the nursing subject matters." ( Exhibit B. , P. 11) ) That defendants' reorganization was not submitted for review to determine whether it was a curriculum that would provide appropriate integration of the nursing subject matters.

29. That plaintiffs, from time to time, complained to defendants, Phillips, Bouie, Howley, Harper-Morris, and Shelvy, that they found the simultaneous lecturing on the courses to be confusing, and disorganized.

30. That plaintiffs requested tutorial assistance. Plaintiffs were not provided adequate tutorial assistance. That the defendants' responses to the plaintiffs' requests for tutorial assistance was, simply, for them to tutor each other or to use a computerized supplemental resource.

31. That as described in the Richard J. Daley College Course Catalog, and as mandated by the Illinois Community College Board (ICCB) the Nursing 210 and 211 courses are each required to have 4.5 lecture and 4.5 lab hours per week. (Exhibit C. P. 145)

32. That the student handbook, in pertinent part, under the caption, "Policies Regarding Attendance and Tardiness", states:

"A certain amount of actual practice must take place in the simulated nursing laboratory …"

**********

Students who are absent from the clinical area will not be able to meet the objectives of the clinical experience which may affect your grade and may result in an

unsatisfactory evaluation." ( Exhibit A.  P. 15)

33.  That  plaintiffs, although in attendance, did not receive the mandated 4.5 hours per week, per course, nursing laboratory time.  That plaintiffs, although in attendance,  did not receive the mandated 4.5 lecture hours per week, per course.  That on occasions  plaintiffs received less than 3 hours of  lecture per week, per course.

34.  That plaintiffs from time to time complained to defendants Phillips,  Bouie, Howley,  Harper-Morris, and Shelvy that they  feared the  lack of lecture time, lack of laboratory hours,  lack of tutorial assistance  and other assistance,  would affect their progress in the nursing program.  Defendants  made no effort to assist plaintiffs  contrary to the policy statement in the student  handbook, to make every effort to assist the students' success in the program. (Exhibit A P. 7)

35.  That  plaintiffs, out of concern for their progress in the Nursing 210 and 211 courses,  met with  their instructors, defendants, Bouie, Howley, Harper-Morris, and Shelvy, and wrote a letter to defendant Phillips expressing their concerns and requesting assistance.  That among the requests, was a request for  additional  quizzes to help them evaluate their progress.  Plaintiffs were told that there was not enough time in the semester to give additional quizzes.  Although the other City Colleges of Chicago nursing programs gave  more frequent  progress evaluation quizzes.

36.  That plaintiffs  received their final  grades for the courses  through the  mail on or about the weekend  of  December 15, 2007.

37.  That  plaintiffs,  Bradfield,  Mendez, and Onuorah  received a failing grade of "D" in both Nursing 210 and 211; plaintiff,  Allen received a failing grade of  "D" in Nursing 210;  plaintiff,  Buzea received a failing grade of "D" in Nursing 210;  plaintiff,

Smith received a failing grade of "D" in Nursing 211; and plaintiff, Agnew, received a failing grade of "D" in Nursing 211.

38 . That the student handbook, in pertinent part, under the caption, " Procedure for Appeal of a Final Grade From C.C.C Student Policy Manual", sets forth the steps for appeal, with step 1., as follows:

"1. A student who wishes to appeal a final grade must first meet with the faculty member to review the criteria applied in assigning that grade. The student should initiate this discussion within thirty (30) days of a student's receipt of the final grade…."( Exhibit A. , P. 19-20) The Procedure for Appeal of a Final Grade states, further, that a grade may be changed, and "by someone other than the instructor of the course or the department chairperson, only in the event there is objective evidence to do so. In that event, another instructor in the discipline shall be appointed by the College President to conduct an evaluation of the student's performance and award the final grade." ( Exhibit A., P. 20)

39. That on December 17, 2007 plaintiffs called the school to begin the appeal process. That plaintiffs were told nothing could be done because the faculty members were on vacation and would not return to school until January 7, 2008.

40. That January 7, 2008 was also the first day of registration for the Spring 2008 semester.

41. That on December 17, 2007, plaintiff, Allen went to the school and requested to review her examination. Plaintiff was told by defendants Phillips and Ramos that they did not have access to the examination, and that she was not allowed to continue in the nursing program.

42. That on December 17, 2007, plaintiff, Mendez, spoke with defendant Phillips, and requested a review of her examinations. That plaintiff, Mendez was told by defendant , Phillips that she did not have access to her examinations, and that , she was dismissed from the nursing program.

43. That plaintiffs, between December 17, 2007 and January 7, 2008 continued to try to begin the appeal process by making telephone calls, sending e-mails, and sending letters to the defendants, Starks, Regner, Phillips, Bouie, Howley, Harper-Morris, and Shelvy. That plaintiffs did not receive a response, or the response was to wait until January 7, 2008 to make an appointment.

44. That on January 7, 2008 defendants did not permit plaintiffs to register and plaintiffs were dismissed from the nursing program.

45. That plaintiffs were not permitted to register and were dismissed from the nursing program without an opportunity to review the criteria applied in assigning their failing final grades, without an opportunity to review with their instructors, without an opportunity to review their Computation Sheet of numerical averages, without an opportunity to review their scantron examinations, without an opportunity to appeal the final grade, and without an opportunity to present objective evidence for changing the failing final grade.

46. That plaintiffs were not permitted to register and were dismissed from the nursing program without notice and opportunity to be heard, in that, plaintiffs were not advised by their instructors during the semester that they were in jeopardy of not receiving passing final grades. In fact, plaintiffs' requests for tutorial assistance, requests for additional quizzes, and expressed concerns about the lack of lecture and lab

hours were all disregarded by defendants. That when plaintiff, Allen, inquired about her progress, she was advised by instructor Bouie simply, that she (Allen) was putting too much emphasis upon a numerical grade.

47. That plaintiffs were not permitted to register and were dismissed from the nursing program without notice and opportunity to be heard, in that plaintiffs were not allowed to present evidence to demonstrate why they should have been allowed to register and continue in the program.

48. That the student handbook states, in pertinent part, under the caption " Promotion Polices", that:

" 3. Prerequisite for Nursing 212

Successful completion of Nursing 210.

4. Prerequisite for Nursing 213

Successful completion of Nursing 211"

5. Prerequisite for Nursing 203

Enrollment in or completion of nursing 212 and or 213". ( Exhibit A., P. 13)

49. That plaintiff, Sherida Allen, took Nursing 211 in the 2007 fall semester and received a passing grade. That although successfully completing Nursing 211, plaintiff, Sherida Allen, was not permitted to register to take Nursing 213 or 203 for the Spring 2008 semester, contrary to the stated promotion policy, and was dismissed from the nursing program.

50. That plaintiff, Jean Smith took Nursing 210 in the 2007 fall semester and received a passing grade. That although successfully completing Nursing 210, plaintiff, Jean Smith was not permitted to register to take Nursing 213 or 203 for the Spring 2008

semester, contrary to the stated promotion policy, and was dismissed from the nursing program. Further, plaintiff had been given a final grade of 95% for the clinical medical-surgical part of Nursing 211 by her clinical instructor. The defendant, Rhonda Phillips, who was not plaintiff's clinical instructor, instead, assigned plaintiff an 83% on the clinical medical-surgical part. Plaintiff was then given a "D" as a final grade for the 211 course by defendant Harper- Morris and or defendant Howley.

51. That plaintiff, Carmen Buzea, took Nursing 211 in the 2007 fall semester and received a passing grade. That although successfully completing Nursing 211, plaintiff, Carmen Buzea, was not permitted to register to take Nursing 213 or 203 for the Spring 2008 semester, contrary to the stated promotion policy, and was dismissed from the nursing program.

52. That plaintiff, Krystal Agnew, took Nursing 210 in the 2007 fall semester and received a passing grade. That although successfully completing Nursing 210, plaintiff, Krystal Agnew, was not permitted to register to take Nursing 213 or 203 for the Spring semester, contrary to the stated promotion policy, and was dismissed from the nursing program.

53. That the defendants' decision to assign failing final grades to plaintiffs was unreasonable, arbitrary, capricious, and motivated by bad faith due to plaintiffs' complaints about the Fall 2007 Nursing 210 and 211 courses.

54. That the defendants' decision to not permit plaintiffs to register and to dismiss plaintiffs from the nursing program was unreasonable, arbitrary, capricious, and motivated by bad faith due to plaintiffs' complaints about the Fall 2007 Nursing 210 and 211 courses.

55.  That the defendants' decision to not allow plaintiffs to register, and to dismiss plaintiffs from the nursing program, before allowing them to meet with their instructors and appeal the final grade, was unreasonable, arbitrary,  capricious, and motivated by bad faith due to plaintiffs' complaints about the  Fall 2007 Nursing 210 and 211 courses.

56.  That  plaintiffs openly expressed concerns to defendants of matters that were in violation of the  Daley College  nursing school's policies and  State law for the Fall 2007 semester Nursing 210 and 211 courses, and that this could affect their progress in the nursing program.

57.  That defendants' response to plaintiffs' expressions of concern and complaints, was to  criticize plaintiffs for complaining.

58.   That plaintiffs Allen and Smith, were referred to by defendants  as "trouble makers", after  speaking out in class and writing letters concerning matters such as the lack of lecture and lab hours,  reimbursement of lab fees for missed lab hours,  change in curriculum and failure to provide tutorial assistance.

59. That on  occasion,  plaintiff,   Onuourah , in the presence of defendant, Shelvy criticized the Nursing 210 and 211 courses as being "disorganized".   That plaintiff, although respectful and courteous at all times, for no reason, was reprimanded.

60.  That plaintiff, Agnew, on occasion made a written grievance concerning an instructor.  Defendants  Phillips and Howley,  simply  dismissed the  grievance as invalid and reprimanded plaintiff.

61.   That some  students in the  same Nursing 210 and 211 courses,  who did not express  criticism  to defendants about the  210 and 211 Nursing courses,  did not receive a failing final  grade, although some had semester exam scores lower than  plaintiffs.

62. That plaintiff, Smith, contacted the defendant, Dr. Watson, Chancellor of the City Colleges to request that plaintiffs be heard on why they should be allowed to continue in the nursing program. That defendant, Watson, refused to do so.

63. That although one (1) semester away from completing the two year (2) nursing program at Daley College, plaintiffs were not permitted to continue enrollment to obtain the A.A.S. degree that they were all diligently pursuing and in training for. Plaintiffs will not be able to transfer any of the earned credits to another nursing program in the City Colleges of Chicago, or any other nursing school. That if plaintiffs decide to pursue a nursing career (A.A.S.) elsewhere, they will have to apply for admission as new students, and will be stigmatized by the record of dismissal from Daley College.

64. That while plaintiffs, Allen, Smith, and Agnew, have the option of requesting readmission to the Daley College nursing program, for the Spring 2009 semester, if rejected, they too will have to apply for admission as new students at another nursing school, and will be stigmatized by the record of dismissal and rejection for readmission by Daley College.

65. That plaintiffs will not be able to realize the economic income they would have gained by continued enrollment in the A.A.S. degree nursing program at Daley College, as a result of the unreasonable, arbitrary, capricious and bad faith actions of the defendants.

66. That plaintiffs have been harmed in their pursuit of a professional nursing career, and have incurred/continue to incur pecuniary losses as a result of defendants' unreasonable, arbitrary, capricious, and bad faith actions.

## COUNT I- DEPRIVATION OF SUBSTANTIAL DUE PROCESS

67.  Plaintiffs incorporate and reallege  paragraphs 1-66, as Paragraph 67 of the herein Count 1.

68.   That  plaintiffs, for no legitimate reasons, were  not permitted  to register for the Spring 2008 semester, and were  dismissed from the nursing program.

69.  That plaintiffs,  who were all nursing students at defendant,  Richard J. Daley College,  for no legitimate reason, were  treated differently than nursing students enrolled in the same nursing program at the other City Colleges of Chicago, in violation of the equal protection clause.

70.  That plaintiffs,  for no legitimate reason, were treated differently than nursing students in the same 210 and 211 courses, in violation of the equal protection clause, and the First Amendment to the Constitution of the United States.

71.   That plaintiffs had a property and liberty interest in registering for the 2008 Spring semester and in continued enrollment in the nursing program. The unreasonable, arbitrary,  capricious, and bad faith,  actions  of defendants have resulted in the deprivation of plaintiffs' substantive due process  rights in violation of the  protections afforded them by the   Fourteenth Amendment to the Constitution of the United States.

**WHEREFORE**, Plaintiffs  pray for relief as follows:

A.  Order an immediate hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure to determine whether defendants actions are unconstitutional.

B.  Issue a preliminary and permanent injunction that  will restrain defendants from barring plaintiffs from continued enrollment in the A.A.S. nursing program at Daley College.

C.  Issue a declaratory judgment that defendants have violated the substantive due process rights of the plaintiffs by virtue of their arbitrary, capricious, and bad faith actions.

D.  Order defendants, their agents and successors to cease and desist from interfering with plaintiffs' liberty and property rights in continued enrollment in the A.A.S. nursing program by reinstating plaintiffs to the nursing program in the upcoming Summer/Fall 2008 semester and Spring 2009 semester, without reapplication/ request for readmission.

E.  Award plaintiffs compensatory/ punitive damages against the individual defendants.

F.  Award plaintiffs attorney fees and costs.

G.  Award plaintiffs further relief as this Court deems just and equitable.

**COUNT II- VIOLATION OF PROCEDURAL DUE PROCESS**

72.  Plaintiffs incorporate and reallege paragraphs 1-66, as Paragraph 72 of the herein Count II.

73.  That plaintiffs were denied their right of procedural due process in that they were not allowed to register and were dismissed from the nursing program on or by January 7, 2008 without first being afforded notice and opportunity to appeal their final grade and to present evidence as to why they should have been allowed to register and not dismissed from the program.

74.  That the procedural appeal process as stated in the student handbook is for "a student" wishing to appeal a final grade to first meet with the faculty member to review the criteria applied in assigning the final grade. That plaintiffs' first opportunity to

begin the appeal process  was January 7, 2008.

75.  That on  January 7, 2008 plaintiffs were not  allowed to register and were dismissed from the nursing program.  As such,  plaintiffs were no longer students in the nursing program with  the ability to avail themselves of the final grade appeal process after January 7, 2008.

76.  That the process of procedural appeal as set forth in the student handbook did not provide plaintiffs with the right of procedural due process, and plaintiffs have been otherwise denied of their right of procedural due process by defendants not providing plaintiffs notice and opportunity to be heard in  violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983.

**WHEREFORE**, Plaintiffs  pray for relief as follows:

A.  Order an immediate hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure to determine whether defendants actions are unconstitutional.

B.  Issue a preliminary and permanent injunction that  will restrain defendants from barring plaintiffs from continued enrollment in the A.A.S. nursing program at Daley College.

C.  Issue a declaratory judgment that defendants have violated the procedural due process rights of plaintiffs.

D.  Order defendants, their agents and successors to cease and desist from interfering with plaintiffs' procedural due process rights and reinstate plaintiffs to the Daley College (A.A.S.) nursing program,  in the upcoming  Summer/Fall 2008  semester and Spring 2009 semester, without reapplication/ request for readmission.

E.  Award plaintiffs compensatory/ punitive damages against the individual

defendants.

F. Award plaintiffs attorney fees and costs.

G. Award plaintiffs further relief as this Court deems just and equitable.

## COUNT III.- VIOLATION OF EQUAL PROTECTION

77. Plaintiffs incorporate and reallege paragraphs 1-66, as paragraph 77 of the herein Count III.

78. That plaintiffs have a right to equal protection under the law

79. That plaintiffs , for no legitimate reason, were treated differently, than other nursing students at the other City Colleges of Chicago., in depriving them of substantive due process.

80. That plaintiffs, for no legitimate reason, were treated differently, than other nursing students in the Nursing 210 and 211 courses, in depriving them of substantive due process.

81. Defendants' actions were in violation of the equal protection clause, provided in the Fourteenth Amendment to the United States Constitution and 42 U.S. C. 1983.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Order an immediate hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure to determine whether defendants actions are unconstitutional.

B. Issue a preliminary and permanent injunction that will restrain defendants from barring plaintiffs from continued enrollment in the A.A.S. nursing program at Daley College.

C. Issue a declaratory judgment that defendants have violated the plaintiffs rights

of equal protection under the law.

D. Order defendants, their agents and successors to cease and desist from interfering with plaintiffs' right of equal protection under the law and reinstate plaintiffs to the Daley College (A.A.S.) nursing program, in the upcoming Summer/Fall 2008 semester and Spring 2009 semester, without reapplication/ request for readmission.

E. Award plaintiffs compensatory/ punitive damages against the individual defendants.

F. Award plaintiffs attorney fees and costs.

G. Award plaintiffs further relief as this Court deems just and equitable.

### COUNT IV- RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

82. Plaintiffs incorporate and reallege paragraphs 1-66 , as paragraph 82, of the herein Count IV.

83. That plaintiffs openly complained to defendants of matters that were in violation of the nursing school's policies and State Law in the Fall 2007 Nursing 210 and 211 courses, and that this could affect their progress in the nursing program.

84. That it is of concern to the public that individuals be trained in the nursing profession to meet the needs of the community.

85. That it was of public concern to the community that Daley College's nursing curriculum meet the objectives of an " appropriate flexible curriculum … to provide appropriate integration of the nursing subject matters", as set forth in the Illinois Nursing and Advanced Practice Nursing Act.. ( Exhibit B., P. 11)

86. That it was of public concern to the community that Daley College's nursing

students be allowed to integrate the nursing subject matters in the same manner as other nursing school students.

87.   That  defendants criticized plaintiffs for complaining, and by their responses appeared to take plaintiffs' complaints and requests for assistance as personal attacks.

88.   That in  retaliation, defendants  did not make an effort to  assist plaintiffs, did not put plaintiffs on notice, arbitrarily and capriciously deprived plaintiffs of  substantive due process, and  denied plaintiffs the right of procedural due process

89.   That the aforesaid conduct of defendants was in retaliation for plaintiffs exercising their right of free speech on a matter of public concern to the community, in violation of the First Amendment to the U.S. Constitution.

**WHEREFORE**, Plaintiffs  pray for relief as follows:

A.  Order an immediate hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure to determine whether defendants actions are unconstitutional.

B.  Issue a preliminary and permanent injunction that  will restrain defendants from barring plaintiffs from continued enrollment in the A.A.S. nursing program at Daley College.

C.  Issue a declaratory judgment that defendants have violated the First Amendment rights of plaintiffs.

D.  Order defendants, their agents and successors to cease and desist from interfering with plaintiffs'  first amendment right of free speech and reinstate plaintiffs to the Daley College (A.A.S.) nursing program,  in the upcoming Summer/Fall 2008 semester and Spring 2009 semester,  without reapplication/ request for readmission.

E.  Award plaintiffs compensatory/ punitive damages against the individual

defendants.

F.  Award plaintiffs attorney fees and costs

G.  Award plaintiffs further relief as this Court deems just and equitable.

## COUNT V- BREACH OF CONTRACT

Plaintiffs bring the herein State cause of action for breach of contract pursuant to the pendent jurisdiction of the Federal Court.

90.  Plaintiffs incorporate and reallege paragraphs 5-52, and paragraphs  61-64 as paragraph 90, of the herein Count V.

91.  That the Richard J. Daley College Student Handbook provided to plaintiffs at the time of their admission and enrollment  in the nursing program constituted a contractual agreement between  plaintiffs and the defendants.

92.  In and by said contract defendants agreed  that "once students are admitted to the program, every effort shall be made to assist students' success…"  (Ex  A., P. 7)

93.  That plaintiffs relied upon the terms of the agreement in making request for tutorial assistance and other assistance.

94.  Defendants were in breach because they refused to provide the tutorial assistance, and to make  effort to assist plaintiffs' success in the program, as stated in the policy.

95.  In and by said contract defendants agreed  that  successful completion of Nursing 210 was the  prerequisite for promotion to  Nursing 212.

96.  That the  plaintiffs Smith and Agnew  relied upon the terms of the agreement in attempting to register for Nursing 212 and 203 on January 7, 2008.

97. That  defendants were in  breach because they refused to permit plaintiffs

Smith and Agnew to register,  although,  plaintiffs  successfully completed  Nursing 210.

98.   In and by said contract defendants agreed  that  successful completion of Nursing 211 was the  prerequisite for promotion to  Nursing 213.

99.   That the  plaintiffs Allen and Buzea relied upon the terms of the agreement in attempting to register for Nursing 213 and 203..

100. That  defendants were in  breach because they refused to permit plaintiffs Allen and Buzea  to register, although plaintiffs  successfully completed  Nursing 211.

101.   In and by said contract defendants  were to  provide  plaintiffs with 4.5 lecture hours and 4.5 lab hours per week ( as mandated by the ICCB).

102.   That plaintiffs   relied upon the terms of the agreement  in presenting themselves for the   required lectures and  laboratory hours.

103.   That  defendants were in  breach because they  did not provide plaintiffs with the required lecture and laboratory hours.

104.   In and by said contract defendants provided a procedure for students appeal of a  final grade.

105.   That plaintiffs   relied upon the terms of the agreement in attempting to appeal their final grade, which may have resulted in a change to a passing grade.

106.  That  defendants were in  breach because they removed plaintiffs ability to avail themselves of the student final grade appeal process, by not allowing plaintiffs to continue as students and dismissing them as students before they could start the student appeal process.

107.  That as a result of  the breach by defendants,  plaintiffs will not be  allowed to continue  their  nursing education to obtain their A.A.S. degree in the Daley College

nursing program.

108.   That as a result of the breach, plaintiffs have sustained economic harm in that they will not be able to earn an income that would be commensurate with  continued enrollment in the nursing program.

109.   Further,  plaintiffs have sustained pecuniary damages as a result of defendants' breach in that they paid tuition for courses which can not be transferred to another nursing program.

110.   That plaintiffs have sustained other pecuniary and non-pecuniary damages as a result of defendants' breach.

 **WHEREFORE**, Plaintiffs  pray for relief as follows:

A.   Reinstatement of  plaintiffs to the Daley College (A.A.S.) nursing program, in the upcoming Summer/Fall 2008  semester and Spring 2009 semester,  without reapplication/ request for readmission.

B. Award plaintiffs compensatory damages against the defendants, jointly and severely , in an amount in excess of  $50,000.00.

C.  Award plaintiffs attorney fees and costs.

D.  Award plaintiffs further relief as this Court deems just and equitable.

 **COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

 Plaintiffs bring the herein State cause of action for intentional infliction of emotional distress  pursuant to the pendent jurisdiction of the Federal Court

110. Plaintiffs incorporate and reallege paragraphs 5-66 , as paragraph 110 , of the herein Count V.

111. That the aforementioned actions of the defendants constituted extreme and

outrageous conduct.

112.  That plaintiffs have suffered and continue to suffer severe emotional distress as a result of defendants' actions.

113.  That plaintiffs have experienced depression, worry, anxiety, and humiliation, as a result of defendants' actions, including defendants' denial of plaintiffs' right to appeal their final grade,  and defendants'  denial of plaintiffs' right to procedural due process.

114.  That defendants knew or should have known that for certain or with substantial certainty that their conduct would cause plaintiffs  to suffer severe emotional distress.

   **WHEREFORE**, Plaintiffs  pray for relief as follows:

A.   Reinstatement of  plaintiffs to the Daley College (A.A.S.) nursing program, in the upcoming Summer/Fall 2008  semester and Spring 2009 semester,  without reapplication/ request for readmission.

B. Award plaintiffs compensatory damages against the defendants, jointly and severely , in an amount in excess of  $50,000.00.

C.  Award plaintiffs attorney fees and costs.

D.  Award plaintiffs further relief as this Court deems just and equitable.

Respectfully submitted

_____
Patricia E. Bender, Attorney for Plaintiffs

Patricia E. Bender
Attorney at Law
5415 North Sheridan Rd. Suite 1411,
Chicago, Illinois 60640
(773) 878-7148

# Richard J. Daley College



# Nursing Student Handbook
## 2007 - 2009

Exhibit A

-2-

## INTRODUCTION

Welcome to the Richard J. Daley College Associate Degree Nursing Program. The Daley College Nursing Program was established in 1974 and has maintained excellent educational standards including an RN-NCLEX pass rate of 90% and above. The nursing Program became accredited by the National League for Nursing Accrediting Commission (NLNAC) in January, 1996 and reaccredited in 2001 for 8 years (see address below). NLN accreditation will allow better transferability of courses, financial assistance for continuing education and privileges to obtain rank in the army services. The nursing faculty is dedicated to providing you with a solid foundation in the art and science of nursing. It is our hope that this handbook will introduce you to our nursing program and will help you have a better understanding of nursing education as implemented at Daley College.
We want to help make your nursing education a life enriching experience.

The Richard J. Daley College
Nursing Faculty

National League for Nursing Accrediting Commission (NLNAC)
61 Broadway, 33rd Floor
New York City, NY 10006
800/669-1656 ext. 153
212/812-0390 (fax)

Exhibit A. P. 2

**City Colleges of Chicago**
**Nursing Admission Criteria**

The following are requirements for admission and need to be submitted to the Nursing Department from October 15th through February 15th of the school year for which you are applying, and must be submitted to the Nursing Admissions Committee:

In order to be considered for admission to a District Associate Degree Nursing Program, a student must complete all of the following:

- Submit an application after successful completion of all prerequisites by the posted date.
- Earn a "B" or higher in Chemistry 100/121 (student may take a higher Chemistry course and earn a "C" or better). A student may fulfill the science requirement by completing one year of high school Chemistry with a grade of "B" or better within the last five years.
- Earn a "B" or higher in Math 099 (student may place out of the math requirement by taking the math placement test). A student may also fulfill the math requirement by taking a college level math course and earning a "C" or better. A student may fulfill the math requirement by completing one year of high school Math with a grade of "B" or better within the last five years.
- Evidence of eligibility for English 101.
- Evidence of eligibility for Biology 226.
- Submit an official high school transcript or GED, and other college transcripts.
- Documented reading score equivalency of 80 or above. The testing assessment tool will be the Compass test.
- Students with prior college credit must have earned a minimum cumulative college GPA of 2.5.
- The Chemistry pre-requisite and all biological science courses must be completed within five years of admission to the nursing program. The chemistry pre-requisite and biological science courses that are repeated must be taken for a grade.
- Meet health requirements as specified by clinical agencies prior to the first day of clinical

All student applicants will be selected by the nursing faculty-administration committee. The college president or his/her designee(s) are to review and approve all applicants considered for admission to the program.

Once students are admitted to the program, every effort shall be made to assist students' success by providing special assistance programs and courses utilizing tutoring, PLATO, adult education courses, etc.

A common comprehensive examination will be administered to all students upon completion of the nursing program. The passing of this examination is to be a requirement for graduation.

Exhibit A. P. 7

-11-

## Admission Policy for LPN/CLEP/NSG 102 Entry Nursing

LPN/CLEP students must:
1. Pass standardized CLEP – Fundamentals of Nursing 101;
2. Present current Illinois Practical Nurse license;
3. Be medication certified and pass a math test with a score of 85%;
4. Must assume responsibility for the content in Nursing Process 101 lectures. The dates are listed in the Nursing 101 Topical Outline;
5. Meet health requisites as specified by clinical agencies;
6. Bring a copy of health insurance coverage;
7. Be CPR (Cardio-Pulmonary Resuscitation) certified to attend clinical;
8. Demonstrate proficiency in the following skills:

| | |
|---|---|
| Bed bath | Pharmacology: |
| Bed making | Oral |
| Vital Signs | Parenteral |
| Universal Precautions | Topical |
| Gowning | Body mechanics and communications skills |
| Gloving | Physical assessment |

After successful completion of Nursing 102 a grade will be given for Nursing 101 by the City Colleges of Chicago Office of Testing and Assessment.
Make certain that all of the pre-requisites and general education courses that are needed for the Associate of Applied Sciences - Nursing Degree are completed.


## The Nursing Program of Study

An Associate in Applied Science Degree (A.A.S.) With a major in nursing spans a two-year period. This will be longer if prerequisites were not taken in high school or were taken over 5 years ago.
The total program consists of:

**Prerequisite Courses:**
    Chemistry 100/121 or higher
    Math 099 or higher

**Required Courses:**

| | |
|---|---|
| Biology 226 | 4 credit hours |
| Biology 227 | 4 credit hours |
| Microbiology 233 | 4 credit hours |
| English 101 | 3 credit hours |
| English 102 | 3 credit hours |
| Humanities 201 or 202 | 3 credit hours |
| Social Science 101 | 3 credit hours |

Exhibit A. P. 11

-12-

(One of the following Elective Courses)

| | |
|---|---|
| Anthropology 202 | Child Development 101 |
| Psychology 201 | Biology 107 |
| Sociology 201 | |

**Required Courses:**

| | |
|---|---|
| Nursing 101 | 7 credit hours |
| Nursing 102 | 7 credit hours |
| Nursing 210 | 6 credit hours |
| Nursing 211 | 6 credit hours |
| Nursing 212 | 6 credit hours |
| Nursing 213 | 6 credit hours |
| Nursing 203 | 3 credit hours |

Each nursing course in first year will include a 6 hour hospital/clinical day each week. Each course in second year will include two 6-hour clinical days. Nursing 203 is classroom lecture only.

## CONTRACT AGREEMENT

Students in the nursing program must meet all City Colleges of Chicago standards. It is the goal of the nursing program to educate safe practitioners of nursing. To provide this safe practice of nursing, the faculty must adhere to the following contractual agreements between the Board of Trustees of Community College District Number 508 and clinical agencies.

"That, the HOSPITAL may refuse educational access to its clinical areas to any BOARD personnel or student who do not meet the HOSPITAL'S standards for safety, health, or ethical behavior."

"Students will be assigned to the Nursing education program by the BOARD. The BOARD, agrees that all students assigned will meet both the BOARD'S and the HOSPITAL'S standards of health and academic ability."

"Students will not give service to patients in the hospital clinical setting apart from that rendered for its education value as a part of the planned Nursing education program."

"Students are to remain subject to the authority, policies and regulations of the BOARD, and during periods of clinical assignment, students will be required to observe the regulations imposed by the HOSPITAL on its employees in connection with patient welfare."

"Students enrolled in nursing courses shall be only those students who have been accepted in the nursing major by the Nursing Admission Committee."

The student will be allowed five (5) years to complete the program from the first day of Nursing 101 to date of graduation.

No transfers will be accepted after Nursing 101 or its equivalent.

A one year residency (at Daley College) is a requirement that must be met in the second year of nursing to graduate from the Daley College nursing program.

Exhibit A. P. 12

-13-

## PROMOTION POLICIES

1. Prerequisites for Nursing 102
   Successful completion of Nursing 101 or a Licensed Practical Nurse who has
   successfully passed the CLEP test for Nursing 101, Biology 226.
   As a pre-requisite for passing medications in Nursing 102, a math test will be
   administered the first week of the spring semester. If a score of 85% is not
   earned, the student will be required to participate in mandatory tutoring.
   Upon completion of mandatory tutoring, a math test will be administered to the
   student. If a grade of 85% is not earned by the 6th week of the semester, the
   student must withdraw from Nursing 102.

2. Prerequisites for Nursing 210 and 211
   Successful completion of Nursing 102 or Nursing 140 (LPN Bridge),
   Biology 226, 227 and Microbiology 233.
   As a prerequisite for passing medications in the 2nd year and for completion of
   these courses, a math quiz will be given. A maximum of two retakes will be
   allowed. If a score of 85% is not earned the student is expected to get special
   help. If the third quiz is failed, the student will be considered unsafe for
   administering medications to patients and therefore will not be allowed to
   continue in any clinical area. This criterion must be met by the 3rd week of the
   semester.

3. ████████████████████████ 210

4. ████████████████ 211

5. ████████████████████████████████ 212 and 213

6. A student must receive an academic grade of C or better in each nursing
   course. This course grade includes examinations and clinical papers.

7. Promotion is contingent upon satisfactory clinical performance.

8. A final grade will not be given until all required return demonstrations
   and written papers have been completed satisfactorily.

9. A final grade will not be submitted to the registrar if books, equipment or
   other educational materials are not returned.

### GRADING SCALE
A = 90 - 100
B = 83 - 89
C = 78 - 82
D = 70 - 77
F = 69 and lower

Exhibit A. P. 13

-15-

4. Conduct which threatens or endangers the health and safety of any such persons who are present at        supervised functions and places.
5. Theft or damage to college premises or damage to property of a member of the college community on        institution premises.
6. Unauthorized use of college facilities.
7. Failure to comply with college officials acting in the performance of their duties.
8. Violations of the following City Colleges of Chicago Policies: (1) Academic Integrity, (2) Policy on Equal Opportunity in Employment (EEO), Programs, Services and Activities, (3) Drug and Alcohol Free Campus Policy, (4) Safety and Security Policy, (5) Responsible Computer Use Policy and (6) Smoke        Free Policy.
9. Retaliation against any students, program participants, employees or other persons who made complaints or who cooperate in the investigation of EEO matters and complaints, Student Grievances and/or Student Disciplinary matters.

**Policies Regarding Testing**

1. Mark answer sheets **boldly** with a No.2 pencil. Points will not be added to your grade if you fail to do this.
2. The scantron machine will pick up incomplete erasures and marks the answer wrong. Points will not be added to your grade if you erase incompletely.
3. Questions regarding grades should be resolved with the instructor who wrote the exam within two weeks of the student receiving the test results.
4. A student who earns a score of 75% or lower on their exam is urged to seek out the appropriate faculty member for assistance. Do this within 2 weeks of the exam date.
5. We feel a grade of 80% on quizzes demonstrates adequate understanding of the material covered. Those not achieving such a score should, therefore avail themselves of every opportunity to gain a better understanding of the subject matter. Consistent scores below 80% will make it difficult to grasp the material and correlate it to the clinical laboratory.
6. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓ in advance of the scheduled date of quiz.
7. If cheating is found a grade of F for the course will be given.
8. There should be no talking after the first test paper has been passed out.

**Policies Regarding Attendance and Tardiness**

1. Since the Nursing Program is accelerated and requires at least 15-20 hours of study per week, absences are discouraged. A certain amount of actual practice must take place in the simulated nursing laboratory and in the clinical setting as well as viewing associated audio visuals and working on computers.
Students who are absent from the clinical area will not be able to meet the

EXHIBIT A PAGE 15

Exhibit A. P. 15

-19-

## Procedure for Appeal of a Final Grade From C.C.C. Student Policy Manual.

This process normally will be accomplished within one semester of the original grade's assignment.

1. A student who wishes to appeal a final grade must first meet with the faculty member to review the criteria applied in assigning that grade. The student should initiate this discussion within thirty (30) calendar days of a student's receipt of the final grade by submitting a Grade Appeal Form to the faculty member with copies to the department chairperson and appropriate Dean.

2. The faculty member shall respond to the appeal by meeting with the student and rendering a decision within seven (7) calendar days after receipt of the appeal.

3. If after this initial review, the student is not satisfied, he or she may next appeal in writing to the faculty member's department chairperson within fourteen (14) calendar days of the conclusion of discussions with the instructor. If the instructor is the department chair, the appeal must be submitted to the Dean of Instruction or equivalent College Officer. The chairperson or Dean shall investigate the matter and communicate the outcome of the investigation to the student in writing. Said investigation shall include a meeting with the faculty member to review the criteria applied to the student's performance in assigning the final grade and a meeting with the student to hear the basis of the grievance. When the faculty member and the chairperson or Dean has reached a decision, the chairperson or Dean will communicate that decision in writing to the student. The chairperson or Dean shall complete the investigation and issue a decision within fourteen (14) days after receipt of the appeal

4. If the student does not agree with the department chair's decision, the student may appeal in writing to the Academic Dean within seven (7) calendar days of receipt of the department chair's decision. The academic Dean shall review the matter and issue a decision in writing within seven (7) calendar days after receipt of the appeal.

5. If the student does not agree with the Academic Dean's decision, the student may appeal in writing to the Academic Vice President within seven (7) calendar days of receipt of the Dean's decision. The Academic Vice President shall review the matter and issue a decision in writing within seven (7) calendar days after receipt of the appeal.

6. If the student does not agree with the Academic Vice President's decision, the student may appeal in writing to the College President within seven (7) calendar days of receipt of the Academic Vice President's decision. The decision of the College President is final.

7. If at any step in the appeal the student does not receive a decision on the appeal by the deadlines stated above the student may proceed to the next level of appeal. The sole exception being a showing of good cause to be determined by the administrator assigned to the next level of appeal.

EXHIBIT A PAGE 19

Exhibit A. P.  19

-20-

A grade may be changed by someone other than the instructor of the course or the department chairperson, only in the event there is objective evidence to do so. In that event, another instructor in the discipline shall be appointed by the College President to conduct an evaluation of the student's performance and award the final grade.

## Graduation Requirement and Licensure Information

1. A minimum grade of "C" or better in Nursing and general education courses and passing the district comprehensive exam are required to obtain an Associate Degree in Applied Science.

2. All students must have taken the Constitution examination in high school or prior to graduation from Daley College. This examination is administered only during the spring semester to those students eligible for graduation.

3. Students should apply for graduation at the beginning of the semester in which they intend to graduate.

4. It is recommended to check your college record with the registrar before you register for Nursing 210 and 211 to assure that you have taken all of the required courses for an Associate in Applied Science Degree. Also check to make certain that such items as official copies of high school and college transcripts have been received and accepted by Daley College.

5. All students seeking to graduate from the Nursing Programs at any of the City Colleges of Chicago are required to pass a standardized comprehensive nursing examination. The examination is administered under the direction of the Vice Chancellor for Academic Affairs at the District Office. The Comprehensive Nursing Examination and the testing company are selected by a committee of nursing faculty representing all City Colleges with nursing programs in conjunction with the Vice Chancellor of Academic Affairs (or the designee). To insure the integrity of the comprehensive exit test, the selected exam should not be used as a "practice" test at any of the local colleges. Once the examination is selected, the Office of Academic Affairs is responsible for disseminating information as to the time and location of the Comprehensive Review Sessions and the Comprehensive Examination.

**Student Examination Eligibility Requirements:**

1. Have passed all completed nursing courses with a grade of "C" or better and be earning a grade of "C" or better in any course of program enrollment at the time of registering for the Comprehensive Review session.

2. Have ed the mandatory District Comprehensive Review session.

3. Show photo identification at the time of the examination session.

EXHIBIT A PAGE 20

Exhibit A. P. 20



STATE OF ILLINOIS

RULES FOR THE
ADMINISTRATION OF THE
NURSING AND ADVANCED PRACTICE NURSING ACT

PART 1300 - REGISTERED PROFESSIONAL NURSE AND LICENSED PRACTICAL NURSE

PART 1305 - ADVANCED PRACTICE NURSE

DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION

DIVISION OF PROFESSIONAL REGULATION

(Printed by Authority of the State of Illinois)
2006

Print Date: 06/2006

EXHIBIT B

Exhibit B.

J) A timetable for development of the program and the intended date of the first class beginning.

3) Identify a qualified nurse administrator with a minimum of a master's degree in nursing and with experience as a nurse educator.

4) Submit 15 copies of curriculum proposal including:

A) Program philosophy and objectives;

B) A plan of organization that is logical and internally consistent;

C) Proposed plans of study including requisite and elective courses with rationale;

D) Course outlines or syllabi for all nursing courses;

E) Student handbook;

F) Faculty qualifications;

G) Instructional approaches to be employed;

H) Evaluation plans for faculty and students; and

I) Facilities and utilization plan. (A site visit will be conducted by the Division prior to the program being approved.)

b) Continued Program Approval

1) Nursing education programs shall submit annual evaluation reports to the Division on forms provided by the Division. These reports shall contain information regarding curriculum, faculty and students and other information as deemed appropriate by the Division.

2) Full routine site visits shall be conducted by the Division for periodic evaluation. The visits will be utilized to determine compliance with the Act. Full routine site visits shall be announced. Unannounced site visits may be conducted when the Division obtains evidence that would indicate the program is not in compliance with the Act or this Part.

3) A pass rate of graduates on the National Council Licensing Examination (NCLEX) shall be included in the annual evaluation of nursing education programs.

A) A pass rate of 75% of first time writers will be required for a school to remain in good standing.

B) A nursing education program having an annual pass rate of less than 75% of first time writers for one year will receive a written warning of noncompliance from the Division.

C) A nursing education program having an annual pass rate of less than 75% of first time writers for 2 consecutive years will receive a site visit for evaluation and recommendation by the Division and will be placed on probation for program revision in accordance with 68 Ill. Adm. Code 1110.

D) The nursing education program shall have 2 years to demonstrate evidence of implementing strategies to correct deficiencies and bring the pass rate in line with the 75% criteria.

E) If 2 years after implementing the strategies to correct deficiencies in the program the annual pass rate is less than 75%, the program will be reevaluated. The program will be allowed to continue to operate on a probationary status or will be disapproved and removed from the list of Illinois approved nursing programs in accordance with 68 Ill. Adm. Code 1110.

c) Major Curricular Revision
Nursing education programs desiring to make a major curricular revision, i.e., addition or deletion of content, a substantive change in philosophy or conceptual framework, or length of program, shall:

1) Submit a letter of intent to the Division; and

2) Submit 16 copies of the proposed changes and new material to the Division, at least one term prior to implementation, for Board recommendation and Division approval in accordance with the standards set forth in subsection (f).

8

EXHIBIT B PAGE 9

Exhibit B. P. 9

d) **Minor Curricular Revisions**

Nursing education programs desiring to make curricular revisions involving reorganization of current course content but not constituting a major curriculum revision shall submit the proposed changes to the Division in their annual report.

e) **Organization and Administration**

1) An institution responsible for conducting a nursing education program shall be authorized by the appropriate agency of the State of Illinois (e.g., Illinois Board of Higher Education, State Board of Education, Illinois Community College Board);

2) The relationship of the nursing education program to other units within the sponsoring institution shall be clearly delineated with organizational charts on file with the Division;

3) Nursing education programs shall have clearly defined lines of authority, responsibility and communication;

4) Student input into determination of academic policies and procedures, curriculum planning and evaluation of faculty effectiveness shall be assured as evidenced by information such as student membership on policy and evaluation committees, policy statements and evaluation procedures;

5) Nursing education program policies and procedures shall be in written form, congruent with those of the sponsoring institution, and shall be reviewed by members of the program on a regular schedule;

6) The philosophy, purpose, and objectives of the nursing education program shall be stated in writing and shall be consistent with the sponsoring institution and current social, nursing and educational trends and the Act.

f) **Curriculum and Instruction**

1) The curriculum shall be based upon the stated program purpose, philosophy and objectives;

2) Levels of progression in relation to the stated program objectives shall be established;

3) Coordinated clinical and theoretical learning experiences shall be consistent with the program objectives;

4) Curricular content shall reflect contemporary nursing practice encompassing major health needs of all age groups;

5) The entire curriculum shall be based on sound nursing, education and instructional principles;

6) The curriculum may include a Nursing Student Internship/Cooperative Education Course that meets the following minimum requirements:

A) The course must be available with the nursing major and identified on the transcript.

B) Faculty must meet approved nursing education program qualifications and hold faculty status with educational unit.

C) Clinical content must be coordinated with theoretical content.

D) Clinical experience must be under direct supervision of qualified faculty as set forth in subsection (g) or with a registered nurse preceptor. The nurse preceptor shall be approved by the program and shall work under the direction of a nurse faculty member.

E) Students shall not be permitted to practice beyond educational preparation or without faculty supervision.

F) Course shall be based on program purpose philosophy, objectives and framework.

G) Course evaluation shall be consistent with plan for program evaluation.

H) Articles of affiliation shall clearly delineate student, educational institution and health care agency roles and responsibilities;

7) The curriculum shall be evaluated by faculty with student input according to a stated plan;

10

Exhibit B. P. 10

8) The program shall be approved by the appropriate educational agency;

9) Curriculum for professional nursing programs shall:

A) Include, at a minimum, concepts in anatomy, physiology, chemistry, physics, microbiology, sociology, psychology, communications, growth and development, interpersonal relationships, group dynamics, cultural diversity, pharmacology and the administration of medication, nutrition and diet therapy, patho-physiology, ethics, nursing history, trends and theories, professional and legal aspects of nursing, leadership and management in nursing, and teaching-learning theory;

B) Not preclude a flexible curriculum that would provide appropriate integration of the nursing subject matters;

C) Provide theoretical and clinical instruction in all areas of nursing practice in the promotion, prevention, restoration, and maintenance of health in individuals and groups across the life span and in a variety of clinical settings;

D) Incorporate the nursing process as an integral part of the curriculum;

E) Prepare the student to assume beginning level professional nursing positions;

F) Be at least 2 academic years in length;

G) Prepare the professional nurse to start intravenous therapy;

10) Curriculum for the practical nursing programs shall:

A) Include, at a minimum, basic concepts of anatomy, physiology, chemistry, microbiology, physics, communications, growth and development, interpersonal relationships, psychology, sociology, cultural diversity, pharmacology (pharmacology course standards are set forth in Section 1300.44), nutrition and diet therapy, vocational, legal and ethical aspects of nursing;

B) Not preclude a flexible curriculum that would provide appropriate integration of the nursing subject areas;

C) Provide basic theoretical and clinical instruction in all areas of nursing practice in the promotion, prevention, restoration, and maintenance of health in individuals and groups across the life span and in a variety of clinical settings;

D) Incorporate the nursing process as an integral part of the curriculum;

E) Prepare the student to assume entry level practical nursing positions to assist clients with normal and common health problems through use of basic nursing skills;

F) Be at least one academic year in length; and

G) If a military program, consist of a minimum of 36 to 40 weeks of theory and clinical instruction incorporating the curriculum as outlined in subsection (f)(10)(A).

g) Faculty

1) The institution responsible for conducting the nursing program and the Nurse Administrator of the nursing education program shall be responsible for ensuring that the individual faculty members are academically and professionally qualified.

2) Nursing education programs shall be administered by the Nurse Administrator of the nursing education program.

3) The Nurse Administrator and faculty of a nursing education program shall be currently licensed as registered professional nurses in Illinois.

4) The Nurse Administrator of a nursing education program shall have at least:

A) 2 years experience in clinical nursing practice;

B) 2 years of experience as an instructor in a nursing education program; and

11

Exhibit B. P. 11



# Richard J. Daley College
### One of the City Colleges of Chicago

7500 S. Pulaski Road
Chicago, Il 60652
(773) 838-7500
www.ccc.edu/daley

## 2005 – 2007
## Course Catalog



Exhibit C

## COURSE DESCRIPTIONS

**NURSING 140**

*Nursing Process and Documentation* - Introduction to nursing process and documentation. Nursing theories are briefly surveyed. Emphasis is placed on the development of critical thinking skills in the application of nursing process through exercises in care planning and nursing documentation. Students learn and utilize nursing diagnosis (NAN), nursing interventions classification (NIC), critical pathways, and other nursing documentation methods for these exercises. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Consent of Department Chairperson. 150 minutes per week. *3 credit hours.*

**NURSING 203**

*Nursing in Perspective* - Survey of the nursing career; responsibilities and changing role of a registered nurse. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Grade of C or better in Nursing 210 and Nursing 211, or Consent of Department Chairperson. 150 minutes per week. *3 credit hours.*

**NURSING 210**

*Nursing Process and Alterations in Homeostasis I* - Care for the family in crisis. Application of concepts of growth and development, health maintenance and promotion. Emphasis on observational skills, interpersonal relationships; communications and psychodynamics of human behavior. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Grade of C or better in Nursing 102 and Biology 227 and Microbiology 233 and Consent of Department Chairperson. 4.5 lecture and 4.5 lab hours per week. *6 credit hours.*

**NURSING 211**

*Nursing Process and Alterations in Homeostasis II* - Continuation of the nursing process with focus on alteration in health status within the expanding family system. Physical, social and psychological assessments of patients. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Admission into the Nursing Program 239, Grade of C or better in Nursing 102 and Biology 227 and Microbiology 233 and Consent of Department Chairperson. 4.5 lecture and 4.5 lab hours per week. *6 credit hours.*

**NURSING 212**

*Nursing Process and Alterations in Homeostasis III* - Continuation and implementation of the nursing process in the care of patients within the family unit. Consideration given to various stages of growth and development across the life cycle where patients and family are adapting to stressors. Use of a variety of learning experiences for initiating and implementing change in nursing approaches to client care. All clinical laboratories are under supervision of professional nursing faculty; clinical laboratory preceded and followed by group seminar. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Admission into the Nursing Program 239, Grade of C or better in Nursing 102 and Biology 227 and Microbiology 233 and Consent of Department Chairperson. 4.5 lecture and 4.5 lab hours per week. *6 credit hours.*

**NURSING 213**

*Nursing Process and Alterations in Homeostasis IV* - Terminal integrating experiences utilizing the nursing process to meet the needs of patients and families in complex health care situations. Theoretical concepts and clinical nursing skills contained in this course are consistent with the skills standards developed for the State of Illinois. Writing assignments, as appropriate to the discipline, are part of the course. *Prerequisite*: Consent of Department Chairperson. 4.5 lecture and 4.5 lab hours per week. *6 credit hours.*

Exhibit C.  P. 145